UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
CHAKA VIRGIL,

                      Plaintiff,                          **AMENDED COMPLAINT**
                                                                                     17-5100 PKC SMG
                                                                                         **JURY TRIAL DEMANDED**

                -against-

THE CITY OF NEW YORK,
POLICE OFFICER TININA ALEXANDER SHIELD # 1093,
SERGEANT RAYNA MADHO SHIELD # 4816
and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS
all sued herein in their capacity as individuals.

                              Defendants.
---------------------------------------------------------------------X

        Plaintiff Chaka Virgil, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

1.     This action arises under federal law more specifically pursuant to 42 U.S.C. §1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

2.     Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York as events forming the basis of the Complaint occurred in that District and subject matter jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1343 (a) (3 & 4).

## PARTIES

3.     At all times relevant plaintiff CHAKA VIRGIL was a resident of the City and State of New York in the County of Kings and he is an African-American male.

4.     At all times hereinafter mentioned, the CITY OF NEW YORK (NYC) was and still is a

1

municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.  Upon information and belief, that at all times hereinafter mentioned, NYC, its agents, servants and employees operated, maintained and controlled the NYC Police Department (NYPD), including all the police officers thereof.

6.  Upon information and belief, at all times hereinafter mentioned, defendants POLICE OFFICER TININA ALEXANDER SHIELD # 1093, SERGEANT RAYNA MADHO SHIELD # 4816 and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were employed by NYC as members of its police department and they are sued herein in their capacity as individuals.

7.  Defendants were at all times relevant duly appointed and acting as employees of NYC and they are liable for directly participating and/or failing to intervene to prevent those preventable acts described herein.

8.  This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth and Fourteenth Amendments and under the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

9.  At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

## FACTS UNDERLYING
## PLAINTIFF'S CLAIMS FOR RELIEF

10. On May 27, 2015 plaintiff Chaka Virgil was walking on Pillin Street, between Bushwick and Broadway, in Brooklyn at approximately 2:00 pm.

11. Mr. Virgil said hello and shook the hand of a friend, with two defendant female police

officers POLICE OFFICER TININA ALEXANDER SHIELD # 1093 and SERGEANT RAYNA MADHO SHIELD # 4816 in uniform in an unmarked RMP sitting close by looking on.

12. After shaking hands, plaintiff's friend walked inside the gate to his private house and plaintiff proceeded towards a store to buy a hero.

13. When plaintiff returned a police van came quickly down the wrong way on Pillin and then arrested plaintiff's friend.

14. Plaintiff inquired as to what his friend had done and in response plaintiff was thrown forcefully against a vehicle and arrested, this despite the fact that he had not committed any crimes nor was he poised to commit one.

15. Upon information and belief, the defendants would later find a small amount of marijuana in plaintiff's friend's car, a vehicle plaintiff was not in at any time and to which he had no connection.

16. The defendant officers handcuffed Chaka Virgil and brought him to the 83rd precinct.

17. At the 83rd precinct the plaintiff was searched and strip searched and no narcotics nor any contraband of any kind was found.

18. Nevertheless, Chaka Virgil was arraigned and falsely charged with violations of NY Penal Law §§ 221.35 (00); 221.10 (01) and 221.05 (00).

19. Mr. Virgil spent approximately two days total incarcerated in the 83rd precinct and central booking Kings County before he was arraigned and ROR'd on the false charges.

20. Mr. Virgil was forced to appear in court repeatedly until October 22, 2015 when the false charges against him were dismissed and sealed.

21. Mr. Virgil was embarrassed, humiliated, he was prevented from performing his necessary

affairs of business, he was defamed in his community and he was otherwise harmed.

## FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
## FALSE ARREST IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
## TO THE UNITED STATES CONSTITUTION

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

23. Mr. Virgil's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment and pursuant to 42 U.S.C. § 1983, due to his being falsely arrested by the defendants.

24. The plaintiff was confined by defendants; defendants intended to confine the plaintiff; plaintiff was conscious of his confinement; and the plaintiff did not consent to the confinement which was not otherwise privileged.

25. As a direct consequence of defendants' actions, the plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

26. Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Virgil was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed, embarrassed, he was strip searched and defamed by being placed in handcuffs in front of members of his community and he was otherwise harmed.

27. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled

to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH
### AMENDMENT TO THE UNITED STATES CONSTITUTION
### VIA MALICIOUS PROSECUTION

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

29. Mr. Virgil's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, due to his being maliciously prosecuted by the defendants.

30. Plaintiff was subjected to a malicious prosecution by the defendants who caused and continued his arrest; without probable cause; the arrest was effected with malice; and the charges terminated in Mr. Virgil's favor via a dismissal.

31. Defendants disingenuously informed the District Attorney that the plaintiff had committed crimes and generated and forwarded documents to the District Attorney which repeated the false allegations.

32. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being searched, strip searched, being forced to appear in court numerous times, causing the plaintiff to endure the fear of going to jail, anxiety, he was defamed in his community, he incurred pecuniary harms and he was otherwise harmed.

33. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled

to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S FOURTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS VIA DENIAL OF HIS RIGHT TO A FAIR TRIAL, i.e., DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS

34. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

35. Mr. Virgil was denied his right to a fair trial i.e., he was subjected to a deprivation of liberty without due process in violation of the Fourth, Sixth and Fourteenth Amendments by the individual defendants who created false information and provided that information to the District Attorney.

36. The individual defendants fabricated and forwarded to prosecutors information they knew to be false and said false information was almost certain to influence a jury's verdict, and in so doing Virgil Chaka was denied his right to a fair trial and he was thereby damaged.

37. Defendants' actions resulted in the plaintiff being arrested, handcuffed, being held in custody, being searched, being strip searched, being forced to appear in court numerous times, caused the plaintiff to endure the fear of going to jail, anxiety, he was defamed in his community, he incurred pecuniary harms and he were was otherwise harmed.

38. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

39. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND)

DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
### VIOLATION OF THE FOURTH
### AMENDMENT TO THE UNITED STATES CONSTITUTION
### VIA AN ILLEGAL STRIP SEARCH

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs as if fully stated herein.

41. Mr. Virgil's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, due to his being illegally strip searched by the defendants.

42. Defendants had no reasonable suspicion that Mr. Virgil had secreted drugs, weapons or any contraband on his person when the illegal search was performed.

43. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS and punitive damages in an amount to be determined at trial and plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 USC §1988.

### FIFTH AND FOURTEENTH AMENDMENT RIGHTS
### VIA THE CITY OF NEW YORK
### i.e., MONELL CLAIM

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45. Plaintiff's rights have been violated under the Fourth Amendment and the equal protection clause of the Fourteenth Amendment to the United States Constitution pursuant to 42

U.S.C. § 1983, by the defendant NYC via its deliberate indifference in allowing a *de facto* policy permitting members of the NYPD to make false drug arrests against members of NYC's minority communities without fear of consequences in their employment.

46. Mr. Virgil, due to his being an African American, was subjected to the illegal arrest, committed with no probable cause or even arguable probable cause and he was treated differently and worse than similarly situated non minority citizens would be in a similar circumstance.

47. Members of NYC's minority communities are regularly stopped and falsely arrested by members of the NYPD and those officers are seldom, if ever, punished by their employer, NYC leading NYPD members to behave in the lawless manner they regularly do regarding arresting members of NYC's minority communities for false drug cases.

48. False arrests and malicious prosecutions against members of NYC's minority communities are sufficiently widespread and persistent to constitute an illegal custom, policy, and usage of which supervisory authorities are well aware, and are so widespread and open and notorious and so infrequently the source of disciplining the officers involved as to constitute a *de facto* policy of deliberate indifference by supervisory officials to such abuses, making NYC liable to Mr. Virgil for the constitutional violations committed against him.

49. Supervisors in the NYPD have failed to train and supervise members of the NYPD to limit further actions including arresting minority citizens without probable cause for false drug allegations despite overwhelming evidence that such incidents repeatedly occur.

50. The above mentioned deprivations of the rights of NYC's minority citizens are so glaring and frequent that the failure of supervisors from the NYPD to act to prevent such further deprivations rises to an act of deliberate indifference to the rights of individuals and in fact is the

proximate cause of Mr. Virgil's harms.

51. As a direct consequence of defendants' actions and inactions, Mr. Virgil was deprived of his rights, privileges and immunities pursuant to the Fourth Amendment and the equal protection clause of the Fourteenth Amendment to the United States Constitution in that the defendants' actions and inactions caused plaintiff to be falsely arrested. He was also unnecessarily subjected to being handcuffed, searched, strip searched, confined, insulted, humiliated, embarrassed, and defamed in his community, was prevented from performing his necessary affairs of business and he was otherwise harmed.

52. By reason of the aforesaid, Mr. Virgil has been damaged and he is entitled to FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS in compensatory damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** plaintiff respectfully request that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff Chaka Virgil's rights under the United States Constitution were violated;

(B) Compensatory damages to be determined at trial in a sum not less than $500,000.00 (FIVE HUNDRED THOUSAND) DOLLARS

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be determined at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and

    proper.

Dated: New York, New York
    November 12, 2017

                    / s /
                FRED LICHTMACHER FL-5341
                The Law Office of Fred Lichtmacher P.C.
                Attorney for Plaintiff
                116 West 23rd Street Suite 500
                New York, New York 10011
                Tel. No. (212) 922-9066

To:  AIMEE LULICH
    Senior Corporation Counsel
    100 Church Street
    New York, New York 10007